Howard L. Jacobs, State Bar No. 149709
LAW OFFICES OF HOWARD L. JACOBS
31111 Agoura Rd., Suite 225
Westlake Village, California 91361
Telephone:      (805) 418-9892
Facsimile:      (805) 418-9899

Attorneys for PLAINTIFF JOSEPH SALIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SALIM, an individual, ) | Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **PETITION TO VACATE ARBITRATION** |
| U.S. CENTER FOR SAFESPORT, a Colorado non- ) | **AWARD** |
| profit corporation; and, DOES 1 through 10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| _____ ) | |
| ) | |

**COMES NOW PLAINTIFF** JOSEPH SALIM, for his Petition against Defendant U.S. CENTER

FOR SAFESPORT; and, Does 1 through 10, inclusive, and states as follows:

**NATURE OF THE CASE**

1.      This case arises from an October 24, 2018 Arbitration Award ("Award") issued by Arbitrator

Christian Dennie in the matter of an alleged violation of the SafeSport Code by Plaintiff Joseph Salim.

2.      In the Award, the Arbitrator ruled that Plaintiff Joseph Salim "is permanently prohibited from

participating in any capacity, in any activity or competition authorized by, organized by, or under the

auspices of the United States Olympic Committee, and/or a Local Affiliated Organization of a national

1

1   governing body recognized by the United States Olympic Committee" [hereinafter referred to as "the

2   Sanction"].

3       3.      The Sanction, which amounts to a lifetime ban from coaching or teaching, violates public

4   policy, in that it will permanently preclude Plaintiff from earning a living.

5       4.      For the reasons stated herein, Plaintiff submits that the Award should be vacated pursuant to

6   the Federal Arbitration Act, 9 U.S. C. §§ 1-14.  Alternatively, Plaintiff submits that the Award should be

7   remanded for the determination of a proportionate sanction.

8                        **THE PARTIES AND THE UNDERLYING ARBITRATION**

9       5.      Plaintiff Joseph Salim is a taekwondo coach and instructor, residing and working within this

10  judicial district.

11      6.      Defendant U.S. CENTER FOR SAFESPORT, is, and at all material times mentioned was, a

12  non-profit corporation that is incorporated in Colorado and has its principal place of business in Denver,

13  Colorado.

14      7.      Pursuant to 36 U.S.C. §220541(a), Defendant U.S. CENTER FOR SAFESPORT "(1) serve[s]

15  as the independent national safe sport organization and be recognized worldwide as the independent national

16  safe sport organization for the United States; (2) exercise[s] jurisdiction over the [United States Olympic

17  Committee], each national governing body, and each paralympic sports organization with regard to

18  safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports … (4)

19  maintain[s] an office for response and resolution that shall establish mechanisms that allow for the reporting,

20  investigation, and resolution, pursuant to subsection (c), of alleged sexual abuse in violation of the Center's

21  policies and procedures; and (5) ensure[s] that the mechanisms under paragraph (4) provide fair notice and

22  an opportunity to be heard and protect the privacy and safety of complainants."  Pursuant to 36 U.S.C.

23  §220541(c), Defendant U.S. CENTER FOR SAFESPORT utilizes binding arbitration administered by JAMS

24  "to resolve allegations of sexual abuse within its jurisdiction to determine the opportunity of any amateur

25  athlete, coach, trainer, manager, administrator, or official, who is the subject of such an allegation, to

26  participate in amateur athletic competition."

27      8.      On or about May 23, 2017, Defendant U.S. CENTER FOR SAFESPORT began an

28  investigation of Plaintiff Joseph Salim for a possible violation of the SafeSport Code.  On or about July 30,

PETITION TO VACATE ARBITRATION AWARD

2018, Defendant U.S. CENTER FOR SAFESPORT issued its "Notice of Director's Decision," finding that (i) Plaintiff Joseph Salim had violated the SafeSport Code; and (ii) determining that "Beginning on July 30, 2018, Responding Party Joseph Salim is permanently prohibited from participating, in any capacity, in any activity or competition authorized by, organized by, or under the auspices of the United States Olympic Committee, the national governing bodies recognized by the United States Olympic Committee, and/or a Local Affiliated Organization of a national governing body recognized by the United States Olympic Committee."

9.     Pursuant to the SafeSport Code, Plaintiff Joseph Salim timely contested the "Notice of Director's Decision," and requested an arbitration hearing before JAMS.

10.     On or about September 12, 2018, as required by the SafeSport Code, Plaintiff Joseph Salim submitted to an interview by Defendant U.S. CENTER FOR SAFESPORT.  Defendant U.S. CENTER FOR SAFESPORT conducted this interview of Plaintiff Joseph Salim in person within this judicial district, at 31111 Agoura Rd., Suite 225, Westlake Village, CA 91361.

11.     The JAMS arbitration hearing was conducted on October 17, 2018.  The Arbitration was conducted by video conference pursuant to the SafeSport Code; and Plaintiff Joseph Salim attended the Arbitration from within this judicial district, at 31111 Agoura Rd., Suite 225, Westlake Village, CA 91361.

12.     On October 24, 2018, JAMS issued its Arbitration Award in this matter, ruling that Plaintiff Joseph Salim "is permanently prohibited from participating in any capacity, in any activity or competition authorized by, organized by, or under the auspices of the United States Olympic Committee, and/or a Local Affiliated Organization of a national governing body recognized by the United States Olympic Committee."

**JURISDICTION AND VENUE**

13.     This action is brought pursuant to Section 10 of the Federal Arbitration Act (hereinafter "FAA"), 9 U.S.C. § 10.

14.     Venue is proper in this Court as it has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a), because the amount in controversy, exclusive of interest and costs, exceeds $75,000; and because Plaintiff is a citizen of Burbank, California and Defendant is an entity incorporated under the laws of Colorado and has its principal place of business in Denver, Colorado. Venue lies in this district

PETITION TO VACATE ARBITRATION AWARD

under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this district.

## COUNT I

### VACATUR OF OCTOBER 24, 2018 JAMS ARBITRATION AWARD

15.   Plaintiff Joseph Salim repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 14 of this Petition as fully set forth herein.

16.   The Sanction, which amounts to a lifetime ban from coaching or teaching, violates public policy, in that it will permanently preclude Plaintiff from earning a living.

17.   Based on the foregoing, the Arbitration Award should be vacated and set aside on the grounds that it violates public policy.  Alternatively, the Arbitration Award should be remanded for the determination of a proportionate sanction.

18.   Plaintiff Joseph Salim has no adequate remedy at law, as only a judgment vacating the Arbitrator's Award will provide him with the relief required under these circumstances.

**WHEREFORE,** Plaintiff prays the judgment, order, and decree of this Court be as follows:

1.   That this Court vacate the October 24, 2018 Arbitration Award in its entirety; or in the alternative, remand the Award for the determination of a proportionate sanction, and award such other relief as may be just and proper.

2.   That Plaintiff be awarded the costs of suit incurred herein; and

3.   That Plaintiff be awarded such other costs and relief as the court deems just and equitable.


DATED:        January 23, 2019           LAW OFFICES OF HOWARD L. JACOBS



                                         s/ Howard L. Jacobs_____
                                         Howard L. Jacobs
                                          Attorneys for Plaintiff JOSEPH SALIM

PETITION TO VACATE ARBITRATION AWARD