1  Howard L. Jacobs, State Bar No. 149709
   Law Offices of Howard L. Jacobs
2  31111 Agoura Rd., Suite 225
3  Westlake Village, California 91361
   Telephone:    (805) 418-9892
4  Facsimile:    (805) 418-9899

5  Attorneys For Plaintiff JOSEPH SALIM

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10 JOSEPH SALIM, an individual,            )  Case No. 8:19-CV-00126-JVS-DFMx
                                           )
11        Plaintiff,                        )  PLAINTIFF'S NOTICE OF MOTION AND
                                           )  MOTION TO VACATE AND REMAND
12 vs.                                      )  ARBITRATION AWARD; MEMORANDUM
                                           )  OF POINTS AND AUTHORITIES
13                                          )
   U.S. CENTER FOR SAFESPORT, a Colorado non- )
14 profit corporation; and, DOES 1 through 10, inclusive, )  DATE:  March 11, 2019
                                           )  TIME:  1:30 p.m.
15                                          )  CTRM:  10C
                                           )
16        Defendants.                       )
                                           )
17                                          )
                                           )
18 _____ )

19

20

21 TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

22        NOTICE IS HEREBY GIVEN THAT ON March 11, 2019, or as soon thereafter as the matter may be

23 heard, in Courtroom 10C of the above-entitled Court, located at 411 West 4th Street, Santa Ana, CA 92701,

24 Plaintiff JOSEPH SALIM will move this Court for an Order vacating the Arbitration Opinion and Award of

25 October 24, 2018, issued by Arbitrator Christian Dennie.

        This motion is based on this Notice, Petition to Vacate Arbitration Award, the accompanying

26

27

28

Memorandum of Points and Authorities, the accompanying Declaration of Howard L. Jacobs, and any and all other evidence that may be presented at the hearing on this Motion.

DATED:       January 29, 2019          LAW OFFICES OF HOWARD L. JACOBS


                                    /s/ Howard L. Jacobs
                                    Howard L. Jacobs
                                     Attorneys for Plaintiff JOSEPH SALIM

PLAINTIFF'S MOTION TO VACATE AND REMAND ARBITRATION AWARD

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   INTRODUCTION

Plaintiff respectfully moves this court, pursuant to the Federal Arbitration Act, 9 U.S.C.A. § 10, to vacate an Arbitration Award rendered on October 24, 2018 following a hearing conducted in this district. The basis of this Motion is that the Sanction imposed on Plaintiff Joseph Salim constitutes a lifetime ban on coaching or teaching, which violates public policy in that it will permanently preclude Plaintiff from earning a living.

While SafeSport arbitrations need not follow all of the formalities of a court hearing or trial, they must still be fair; the same applies to sanctions.  Sanctions imposed against individuals who face a potential loss of their ability to coach or compete, and thus their livelihoods, deserve a reasonable opportunity to present their case and, if required, a punishment that is proportionate. A lifetime ban against coaching or instructing taekwondo stemming from a first alleged offense is grossly disproportionate. While the mission SafeSport is tasked with is daunting and noble – to rid amateur sport of sexual misconduct – its ability to prevent Plaintiff Joseph Salim, a coach who has dedicated his entire life to training and coaching athletes at the highest level of sport, from ever being able to earn a living or pursue professional goals for the rest of his life is both arbitrary and against the well-established public policy of an individual's right to work. Therefore, pursuant to 9 U.S.C. Sec. 10, Plaintiff moves this Court to vacate the Arbitration Award ("the Award") issued by JAMS on October 24, 2018, related to allegations against Plaintiff of sexual misconduct.

Based on well-established principles of U.S. arbitration law and precedent, it is respectfully submitted that this Court should vacate the Award because it violates public policy. Alternatively, it is submitted that the Award should be remanded to an arbitral body for reconsideration either before a different arbitrator or new arbitral panel.

## II.   PARTIES

Joseph Salim is a 51-year-old former Olympic taekwondo athlete, and current taekwondo coach, who is a resident of this judicial district.  Mr. Salim has competed in over sixty National, International, and World Championship Taekwondo competitions, including the 2000 Olympic Games in Sydney, Australia. He has been coaching for over thirty years, including coaching the Great Britain National Taekwondo team for the

2012 Olympic Games in London, England. Mr. Salim was inducted into the Taekwondo Hall of Fame in 2013.  Mr. Salim run his own Taekwondo school in Los Angeles, California, and had intentions of continuing to coach elite-level and non elite-level athletes, were it not for Defendants' actions described herein.

Upon information and belief, Defendant U.S. Center for SafeSport is a non-profit corporation that is incorporated in Colorado and has its principal place of business in Denver, Colorado.

**III.    STATEMENT OF FACTS, CHRONOLOGY, AND PROCEDURAL HISTORY[1]**

Plaintiff Joseph Salim is a highly-decorated taekwondo athlete and coach, both nationally and internationally. His career started in his native country of Denmark, and continued in England and the United States when he moved here over thirty years ago.

Plaintiff Joseph Salim has trained thousands of students in Taekwondo, and he prides himself on treating all of his students, male and female alike, with respect and dignity. Mr. Salim trains many of his students three or four times each week, and he puts training and professionalism above all else. In his over-thirty years of coaching, the incidents raised to SafeSport in 2017 and 2018, and which allegedly occurred in 2009 or 2010, are the first of their kind.

On or about May 23, 2017, Defendant U.S. CENTER FOR SAFESPORT began an investigation of Plaintiff Joseph Salim for a possible violation of the SafeSport Code.

On or about July 30, 2018, Defendant U.S. CENTER FOR SAFESPORT issued its "Notice of Director's Decision," finding that (i) Plaintiff Joseph Salim had violated the SafeSport Code; and (ii) determining that "Beginning on July 30, 2018, Responding Party Joseph Salim is permanently prohibited from participating, in any capacity, in any activity or competition authorized by, organized by, or under the auspices of the United States Olympic Committee, the national governing bodies recognized by the United States Olympic Committee, and/or a Local Affiliated Organization of a national governing body recognized by the United States Olympic Committee."

Pursuant to the SafeSport Code, Plaintiff Joseph Salim timely contested the "Notice of Director's Decision," and requested an arbitration hearing before JAMS.

---

[1] The underlying facts and allegations are set forth in the October 24, 2018 Arbitration Award that is the subject of this Motion to Vacate.  Plaintiff will file an Application For Leave to File the October 24, 2018 Arbitration Award Under Seal as Exhibit 1.

4

On or about September 12, 2018, as required by the SafeSport Code, Plaintiff Joseph Salim submitted to an interview by Defendant U.S. CENTER FOR SAFESPORT.  Defendant U.S. CENTER FOR SAFESPORT conducted this interview of Plaintiff Joseph Salim in person within this judicial district, at 31111 Agoura Rd., Suite 225, Westlake Village, CA 91361.

The JAMS arbitration hearing was conducted on October 17, 2018.  The Arbitration was conducted by video conference pursuant to the SafeSport Code; and Plaintiff Joseph Salim attended the Arbitration from within this judicial district, at 31111 Agoura Rd., Suite 225, Westlake Village, CA 91361.  In both his pre-hearing submissions and at the arbitration hearing, Mr. Salim submitted both (i) that he had not violated the SafeSport Code; and (2) that the Sanction sought by SafeSport was disproportionate and excessive.[2]

On October 24, 2018, JAMS issued its Arbitration Award in this matter, ruling that Plaintiff Joseph Salim "is permanently prohibited from participating in any capacity, in any activity or competition authorized by, organized by, or under the auspices of the United States Olympic Committee, and/or a Local Affiliated Organization of a national governing body recognized by the United States Olympic Committee." In issuing this sanction, the Arbitrator did not address Plaintiff's assertion that the requested sanction was disproportionate and excessive; and did not explain the basis for the sanction that was imposed.

## IV.    JURISDICTION AND VENUE

The choice of venue in diversity cases under the general venue statute includes the residence of all of the plaintiffs or all of the defendants or where the claim arose.  28 U.S.C. § 1391(a).  The FAA does not independently confer subject matter jurisdiction to a United States court over domestic arbitration cases.  A U.S. District court may instead rule on a petition to vacate, modify, or correct and arbitration award only if there is an underlying basis for subject matter jurisdiction.  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 (1983).  Proper venue for suing a corporation is viewed more broadly, as a suit may be brought where the corporation is incorporated, is licensed to do business, or is doing business.  This court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C.A. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds $75,000, and because Plaintiff is a citizen of Burbank, California and Defendant is an entity incorporated under the laws of Colorado and has its principal place of

[2] Plaintiff's submission that the sanction sought by SafeSport was disproportionate and excessive is contained at Section VII of his Pre-Hearing Brief.  Plaintiff will file an Application For Leave to File his October 10, 2018 Pre-Hearing Brief Under Seal as Exhibit 2.

business in <u>Denver, Colorado.</u> Venue lies in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this district. The Motion is timely filed, because Plaintiff has served this Motion upon Defendant within three months after the award was delivered on October 24, 2018.

## V.     LEGAL STANDARD: GROUNDS FOR VACATUR AND REMAND

Under Chapter 1 of the FAA, 9 U.S.C. Sec. 10, a court may vacate an arbitration award on one of the following grounds:

- The Award was obtained by corruption, fraud, or undue means;
- Any of the arbitrators were partial or corrupt;
- The arbitrators were guilty of misconduct in:
  - Refusing to postpone the hearing, on sufficient cause shown;
  - Refusing to hear evidence pertinent and material to the controversy; or
  - Any other behavior by which the rights of any party have been prejudiced;
- The arbitrators exceeded their powers or so imperfectly executed them that they did not make a mutual, final, and definite award on the subject matter submitted.

In addition to the four bases for vacatur under the FAA, there are also non-statutory grounds for vacatur, including: (1) the "manifest disregard for the law" standard; (2) the "completely irrational" standard; and (3) public policy exception. The public policy exception is what is at issue in the present case.

"[T]he question of public policy is ultimately one for resolution by the courts." <u>W.R. Grace & Co. v. Local Union 759, International Union of United Rubber Workers</u>, 461 U.S. 757, 766 (1983). Courts' authority to invoke the public policy exception to enforcement of labor arbitration awards is not limited solely to instances where the arbitration award itself violates positive law, but, nevertheless, public policy exception is narrow and must satisfy the principles set forth in governing Supreme Court precedent. <u>E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17</u>, 531 U.S. 57, (2000).

Courts have taken two different standards of review on this ground. When dealing with vacating arbitration awards in the context of labor unions, where the parties are subject to a collective bargaining agreement, courts traditionally take the narrower view that an arbitration award can

be vacated on public policy grounds only if the arbitration award itself violates positive law or requires the employer to violate positive law. See, e.g., <u>Am. Postal Workers Union v. United States Postal Serv.</u>, 789 F.2d 1, 8 (D.C. Cir. 1986).

The Eleventh, Second, Ninth, and D.C. Circuits apply a broader standard in determining whether to vacate awards under the public policy doctrine, by focusing the analysis on determining whether implementation of the award will compel one of the parties to violate a well-defined and dominant public policy rather than evaluating the correctness of the arbitrator's interpretation of the disputed contract or relevant law. If implementation of the award will place one or both of the parties to the award in violation of public policy, the award must be vacated. See, e.g., <u>Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l</u>, 861 F.2d 665, 674 (11th Cir. 1988).

California state courts have recognized that the Court may also vacate or correct an arbitration award, "[w]here 'according finality to the arbitrator's decision would be incompatible with the protection of a statutory right' or where the award contravenes 'an explicit legislative expression of public policy.'" <u>SunLine Transit Agency v. Amalgamated Transit Union, Local 1277</u>, 189 Cal. App. 4th 292, 303 (2010)

## VI.   THE LIFETIME SANCTION IMPOSED BY THE ARBITRATION AWARD FOR A SINGLE, FIRST-TIME VIOLATION OF THE SAFESPORT CODE IS DISPROPORTIONATE THEREFORE VIOLATES PUBLIC POLICY

Pursuant to 36 U.S.C. §220541(a), Defendant U.S. CENTER FOR SAFESPORT "(1) serve[s] as the independent national safe sport organization and be recognized worldwide as the independent national safe sport organization for the United States; (2) exercise[s] jurisdiction over the [United States Olympic Committee], each national governing body, and each paralympic sports organization with regard to safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports … (4) maintain[s] an office for response and resolution that shall establish mechanisms that allow for the reporting, investigation, and resolution, pursuant to subsection (c), of alleged sexual abuse in violation of the Center's policies and procedures; and (5) ensure[s] that the mechanisms under paragraph (4) provide fair notice and an opportunity to be heard and protect the privacy and safety of complainants."  Pursuant to 36 U.S.C. §220541(c), Defendant U.S. CENTER FOR SAFESPORT utilizes binding arbitration administered by JAMS "to resolve allegations of sexual abuse within its jurisdiction to determine the opportunity of any amateur

athlete, coach, trainer, manager, administrator, or official, who is the subject of such an allegation, to participate in amateur athletic competition."

The applicable SafeSport Code[3] relating to sanctions of athlete and coach members is as follows:

### VI. SANCTIONING GUIDELINES
Sanctions will be reasonable and proportionate to the *Code* Violation and surrounding circumstances with the intended effect of protecting relevant participants.

### A. Possible sanctions
One or more of the following sanctions may be recommended or imposed singularly or in combination: (a) written warning; (b) educational or behavioral programs; (c) loss of privileges; (d) probation; (e) suspension or other eligibility restrictions, up to and including permanent ineligibility. The Office reserves the right to lessen or broaden any range of recommended sanctions in the case of mitigating circumstances or egregiously offensive behavior.

The Office may maintain a searchable database of Covered Individuals who have had their eligibility restricted or suspended under these *Procedures* on or after March 3, 2017.

### B. Considerations
Factors relevant to determining appropriate sanctions include, without limitation:

1.  Seriousness of the Violation;
2.  The Responding Party's prior history;
3.  Ages of individuals involved;
4.  Whether the Responding Party poses an ongoing threat to the safety of others;
5.  Voluntary disclosure of offense and/or cooperation by the Responding Party;
6.   Disposition of an investigation by state or federal law authorities;
7.  Real or perceived impact of incident on the Reporting Party, NGB(s) or USOC; and
8.  Other mitigating and aggravating circumstances.

As evidenced by the SafeSport Code above, there are several options for sanctions that are less invasive than a permanent ban, and more proportionate with a first-time offense. The Arbitration Award permanently limits Plaintiff Joseph Salim's ability to continue working as a taekwondo coach, the only career he has ever known.

While the SafeSport Code allows for sanctions ranging from written warnings to permanent ineligibility, the very first line of the section at issue states *[s]anctions will be reasonable and proportionate to the Code Violation.* While the seriousness of the allegations against Mr. Salim is not in doubt, the circumstances surrounding the adjudication process is admittedly less thorough and formal than a civil or

---

[3] The SafeSport Code is submitted as Plaintiff's Exhibit 3.

1  criminal trial, and the punishment of lifetime ineligibility is disproportionate considering that the allegations

2  are not proven in a court of law, and this was Plaintiff's first alleged violation.  Furthermore, as explained

3  below, the Arbitration Award does not address Plaintiff's argument that the lifetime sanction is

4  disproportionate, and does not explain the basis for imposing such a sanction in this case.

5  United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987).

6         The case law on vacating arbitration awards on public policy grounds reveals no analogous cases,

7  because the concept of arbitration in sport disciplinary cases is distinctly different from most commercial

8  arbitration cases.  In sports arbitration cases such as this one, the submission to arbitration is by sport rule as

9  opposed to contract; and the relief sought is a ban from sport for a defined length of time as opposed to

10 monetary damages.  It is therefore worth examining how lifetime bans are viewed in sports arbitration

11 globally.

12        In the context of anti-doping, which has a much longer history than sanctions in sport for alleged

13 sexual misconduct, it is well accepted that a lifetime ban for a first offense of the anti-doping rules is

14 disproportionate.  See, e.g., Kaufmann-Kohler, "Legal Opinion On The Conformity Of Certain Provisions Of

15 The Draft World Anti-Doping Code With Commonly Accepted Principles Of International Law,"[4] at par.

16 165:

> "As a final matter, it should be noted that legal commentators have been less inclined to criticize
> the imposition of a lifetime suspension for a second doping offence. There appears to be a general
> consensus that recidivism justifies a harsh penalty. The Ontario Court of Appeal was clearly
> influenced by this rationale in deciding to uphold the lifetime ban imposed on Ben Johnson for
> his second offence. Indeed, the imposition of a lifetime ban for a second offence is often less
> severe in practice than the imposition of a two-year suspension for a first offence due to the fact
> that top-level athletic careers are very short in many sports disciplines."

22        See also, Levy, "Swiss Federal Tribunal Overrules CAS Award in a landmark decision:  FIFA vs

23 Matuzalem," International Sports law Journal (2012)[5], summarizing Swiss Federal Tribunal's holding that

24 threat of a lifelong sporting ban against soccer player for failing to pay transfer fee violated public policy.

25        U.S Courts have struck down lifetime (or excessively lengthy) bans in other contexts where they have

26 been found to be disproportionate as well.  See, e.g., United States v. Voelker, 489 F.3d 139, 153 (3d

27

28

[4] Submitted as Plaintiff's Exhibit 4.
[5] Submitted as Plaintiff's Exhibit 5.

_____
PLAINTIFF'S MOTION TO VACATE AND REMAND ARBITRATION AWARD

Cir.2007) [striking down lifetime ban on possession of sexually explicit materials in child pornography case].Here, the lifetime ban will prevent Plaintiff – who makes his living as a taekwondo instructor – from working in that capacity forever.  It is submitted that such a sanction, for a first time and a single violation of the SafeSport Code, is excessive and disproportionate, and therefore violates public policy.

Finally, as mentioned above, the SafeSport Code requires that the Arbitrator consider various factors in determining the appropriate sanction.  There is no indication in the Arbitration Award that the Arbitrator did so; rather, it appears that having found that a violation had occurred, the Arbitrator simply "affirmed" the sanction that had been imposed by SafeSport.  In doing so, it is submitted that the Arbitrator did not even consider whether or not the sanction that had been imposed by SafeSport was proportionate or not.

## VII.    CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that the Arbitration Award should be vacated pursuant to 9 U.S.C. 10.  In the alternative, Plaintiff respectfully requests that the Court remand Mr. Salim's case for a determination of a proportionate sanction, in accordance with the factors delineated in the SafeSport Code.

DATED:        January 29, 2019            LAW OFFICES OF HOWARD L. JACOBS


                                            s/ Howard L. Jacobs
                                            Howard L. Jacobs
                                             Attorneys for Plaintiff JOSEPH SALIM

PLAINTIFF'S MOTION TO VACATE AND REMAND ARBITRATION AWARD

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, January 29, 2019, a copy of the foregoing document entitled ***PLAINTIFF'S NOTICE OF MOTION AND MOTION TO VACATE AND REMAND ARBITRATION AWARD; MEMORANDUM OF POINTS AND AUTHORITIES*** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel. An additional copy was served by email as follows:

Joseph Zonies
Zonies Law LLC
1700 Lincoln Street, Suite 2400
Denver, Colorado 80203
jzonies@zonieslaw.com
Attorney for U.S. CENTER FOR SAFESPORT

                              s/ Howard L. Jacobs
                              Law Offices of Howard L. Jacobs
                              31111 Agoura Rd., Suite 225
                              Westlake Village, California 91361
                              Telephone:  (805) 418-9892
                              Facsimile:  (805) 418-9899
                              Email:        howard.jacobs@athleteslawyer.com