JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  SACV 19-00126 JVS (DFMx)  Date  April 15, 2019

Title  Joseph Salim v. U.S. Center for Safesport

Present: The Honorable  James V. Selna

| Rolls Royce Paschal | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Howard Jacobs | Philip Black |

**Proceedings:**  **Order Regarding Plaintiff's Motion to Vacate and Remand Arbitration Award [7]**

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court DENIES the Plaintiff's motion and rules in accordance with the tentative ruling as follows:**

Plaintiff Joseph Salim ("Salim") filed a motion to vacate, or in the alternative, remand an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. Mot., Docket No. 7. Defendant U.S. Center for Safesport ("Safesport") filed an opposition. Opp'n, Docket No. 20. Salim replied. Reply, Docket No. 23.

For the following reasons, the Court **denies** the motion.

## I. BACKGROUND

Salim is a fifty-one year old USA Taekwondo ("USAT") coach. Safesport has been designated by statute to

> (1) serve as the independent national safe sport organization and be recognized worldwide as the independent national safe sport organization for the United States; (2) exercise jurisdiction over the [United States Olympic Committee], each national governing body, and each paralympic sports organization with regard to safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports . . . (4) maintain an office for response and resolution that shall establish mechanisms that allow for the reporting,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00126 JVS (DFMx) | Date | April 15, 2019 |
| Title | Joseph Salim v. U.S. Center for Safesport | | |

> investigation, and resolution, pursuant to subsection (c), of alleged sexual abuse in violation of the Center's policies and procedures; and (5) ensure that the mechanisms under paragraph (4) provide fair notice and an opportunity to be heard and protect the privacy and safety of complainants.

36 U.S.C. § 220541(a). Accordingly, Safesport created the Safesport Code ("Code") to set forth the standards expected of athletes and coaches who choose to be associated with the United States Olympic organization. Docket No. 8, Ex. 3. The Code also prescribes processes and procedures through which alleged violations of the Code are investigated and resolved, including de novo arbitration of Safesport's decisions. See generally, id.

In February 2018, Safesport received a report that Salim, at that time a 43-year-old taekwondo coach and member of USAT, engaged in grooming behaviors with a minor athlete whom he coached. Docket No. 11 at 3.[1] Pursuant to the Code, Safesport issued a Decision rendering Salim ineligible to coach minor women for a period of three months and instituted preventative measures, a probationary period, and educational requirements. Id. at 3–4. As permitted under the Code, Salim requested a hearing on Safesport's Decision. Id. at 1.

Prior to the hearing, Safesport received a second report alleging that Salim engaged in serious sexual misconduct with a minor whom he coached. Id. at 4. Upon receipt of this report, Safesport initiated a second investigation including numerous witness interviews, culminating in an 89-page Investigative Report determining that Salim had engaged in multiple acts of sexual misconduct with a minor whom he coached. Id. at 4–5. Safesport issued a Notice of Decision rendering Salim permanently prohibited from participation in the United States Olympic Committee or any of its affiliates ("United States Olympic Movement"). Id. at 5. Salim requested a hearing under the Code.

The Code provides that arbitrations are to be administered through JAMS. Docket No. 8, Ex. 3 at 41 (pagination per docket). On March 23, 2018, JAMS appointed Christian Dennie ("Arbitrator") as the arbitrator without objection by the parties. Docket

---

[1] Although the arbitration Hearing Decision filed under seal (Docket No. 11) contains additional details regarding the allegations in the report, to protect the identities of the claimants, the Court will not discuss the various allegations in detail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-00126 JVS (DFMx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Joseph Salim v. U.S. Center for Safesport | | |

No. 11 at 1.  Under the Code, the Arbitrator has the authority to determine (1) whether there is a Code violation, and if so, (2) the appropriate sanction.  Docket No. 8, Ex. 3 at 30 (pagination per docket), R-2.  The Arbitrator is to review Safesport's Decision de novo, and Safesport has the burden of proving a Code violation by a preponderance of the evidence.  Id. at 34, R-24.

After three preliminary hearings and the submission of pre-hearing briefing, the arbitration was held on October 17, 2018.  Docket No. 11 at 1.  Salim was represented by counsel throughout the pendency of the matter, including the arbitration.  Id. at 3.  Safesport called four witnesses to testify, including the claimant, and Salim called three witnesses, including testifying on his own behalf.  Id. at 2, 3.  Both sides presented documentary evidence.  Id. at 3.  At the close of the eleven and a half hour hearing, Salim affirmed he was presented with a full and fair opportunity to present his case.  Id. at 1.

On October 24, 2018, the Arbitrator issued his Hearing Decision determining that Safesport had established a Code violation regarding Salim's sexual misconduct with a minor.  Id.  Specifically, the Arbitrator concluded

> that Safesport established by a preponderance of the evidence that Salim violated the USAT Sexual Harassment Policy and the California Penal Code.  Specifically, Salim's conduct interfered with [the reporting party's] sports performance and participation and created an intimidating, hostile, and abusive environment in violation of the USAT Sexual Harassment Policy.

Id. at 14.  The Code provides that the arbitration decision "shall be considered final and binding" and that the parties "waive, to the fullest extent permissible by law, any right to challenge in court the arbitrator's decision."  Docket No. 8 at 37, R-34.

Salim now moves to vacate, or in the alternative to remand, the Hearing Decision.  Mot., Docket No. 7.  Salim argues that (1) enforcement of the Hearing Decision violates public policy, and (2) the Arbitrator did not consider whether the sanction was proportionate and simply affirmed the sanction imposed by Safesport.  Id.

**II. LEGAL STANDARD**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-00126 JVS (DFMx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Joseph Salim v. U.S. Center for Safesport | | |

A court's review of an arbitration award under the Federal Arbitration Act ("FAA") is "both limited and highly deferential." Coutee v. Barington Capital Grp., L.P., 336 F.3d 1128, 1132 (9th Cir. 2003) (citations and internal quotation marks omitted). Under the FAA, a federal court may vacate an arbitration award only in the following cases:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Because the Supreme Court has strictly limited federal courts' review of arbitration decisions, "[c]ourts have interpreted this section narrowly." See Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir. 1991). Generally, "an arbitration award will not be set aside unless it evidences a 'manifest disregard for law.'" Id. (citing "Steelworkers Trilogy": United Steelworks v. Am. Mfg. Co., 363 U.S. 564 (1960); United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); United Steelworkers v. Enter. Wheel & Car Co., 363 U.S. 593 (1960)).

In limited situations, a court may also vacate an arbitral award on public policy grounds. To vacate an arbitral award on public policy grounds, a court "must both delineate an overriding public policy rooted in something more than 'general considerations of supposed public interest,' and, of equal significance, it must demonstrate that the policy is one that specifically militates against the relief ordered by the arbitrator." Stead Motors of Walnut Creek v. Auto. Machinists Lodge, 886 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00126 JVS (DFMx) | Date | April 15, 2019 |
| Title | Joseph Salim v. U.S. Center for Safesport | | |

1200, 1212–13 (9th Cir. 1989) (internal citations omitted); see also W.R. Grace & Co. v. Int'l Union of Rubber Workers, 461 U.S. 757, 766 (1983).  The public policy violation must be "clearly shown" before an award is vacated.  Aramark Facility Servs. V. Serv. Employees Int'l Union, 530 F.3d 817, 823 (9th Cir. 2008).  The public policy "must be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests."  Matthews v. Nat'l Football League Mgmt. Council, 688 F.3d 1107, 1111 (9th Cir. 2012) (citation and quotation marks omitted).

### III. Discussion

**A.    Public Policy**

Salim does not argue that any of the express grounds for vacating arbitration awards under the FAA apply.  Rather, Salim argues that the award violates public policy because he cannot continue to coach in the United States Olympic Movement.

Salim has not met his burden of demonstrating that the Hearing Decision should be vacated on public policy grounds.  Salim fails to identify any precedent, or even generalized public policy, that would be violated by rendering him permanently banned from participating in the United States Olympic Movement.  There is no cognizable right to affiliation with the United States Olympic Movement, which is not a governmental organization, but one made up of private associations.  See, e.g., San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 547 (1987). Salim fails to identify any public policy compelling a private association to allow a man to continue coaching under its authority after he has abused the privilege of membership by engaging in sexual misconduct with a minor whom he coached.  Salim's stated desire to continue to make a living as an Olympic taekwondo coach is in no way a public policy permitting the Court to set aside a valid arbitration award.

Furthermore, the Hearing Decision is fully supported by a public policy served by Safesport as expressed by Congress – protection of athletes from sexual abuse.  See 36 U.S.C. § 220541(a)(2) (Safesport has the power to exercise jurisdiction over national governing bodies such as USAT "with regard to safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports."); id. at (c)(1) (Safesport mandated to "develop policies and procedures to resolve allegations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-00126 JVS (DFMx)   Date   April 15, 2019

Title   Joseph Salim v. U.S. Center for Safesport

sexual abuse within its jurisdiction to determine the opportunity of any amateur athlete, coach, trainer, manager, administrator, or official, who is the subject of such an allegation, to participate in amateur athletic competition."). Salim's permanent prohibition from participating in activities associated with the United States Olympic Movement is thus squarely within Safesport's jurisdiction and in furtherance of an express public policy.

Accordingly, Salim's motion to vacate the arbitration award on public policy grounds is denied.

**B.   Sanction Imposed**

Salim also argues that permanent prohibition from the United States Olympic Movement is too severe a sanction because this was the first time he was found to have violated the Code by engaging in sexual misconduct with a minor athlete. Mot., Docket No. 7 at 9–10. Salim argues that the Arbitrator failed to consider various factors under the Code,[2] and instead simply rubber-stamped Safesport's findings. Id. at 10.

The record indicates that the Arbitrator weighed all relevant factors and considered all relevant evidence. The Hearing Decision quotes the Safesport Notice of Director's Decision, which provided: "In light of the above findings and rationale, and based on the considerations set forth in Section VI(A) of the SafeSport Practices and Procedures for the U.S. Olympic and Paralympic Movement, the following sanction(s) is imposed. . . ." Docket No. 11 at 5. The Arbitrator reached a similar conclusion here, even if he did not march through each factor in the text of the Decision. Id. at 14. Furthermore, there is no question that the Hearing Decision considers the seriousness of the violation, the safety threat posed by Salim, his prior history, the ages of those involved, and the impact on his former pupil. Therefore, a remand is not necessary for

---

[2] Under Code section VI(A), the factors relevant to determining appropriate sanctions are (1) the seriousness of the violation; (2) the responding party's prior history; (3) the ages of individuals involved; (4) whether the responding party poses an ongoing threat to the safety of others; (5) voluntary disclosure of the offense and/or cooperation by the responding party; (6) the disposition of an investigation by state or federal law authorities; (7) the real or perceived impact of the incident on the reporting party, NGB(s), or USOC; and (8) other mitigating and aggravating circumstances. Docket No. 8, Ex. 3 at 26 (pagination per docket).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00126 JVS (DFMx) | Date | April 15, 2019 |
| Title | Joseph Salim v. U.S. Center for Safesport | | |

a more thorough examination of the factors relevant to sanctions imposed under the Code.

Furthermore, the Hearing Decision on its face indicates that the Arbitrator's decisionmaking process involved a thorough examination of the evidence. Docket No. 11. The Arbitrator held three preliminary hearings, requested and received pre-hearing briefs, and held an almost twelve-hour evidentiary hearing in which Salim was represented by counsel and called numerous witnesses. Id. at 1; Docket No. 12. Furthermore, the Arbitrator found that Safesport did not prove a violation regarding the first report of misconduct regarding Salim's grooming behaviors, which demonstrates that the Arbitrator performed a critical, de novo review of the evidence. Docket No. 11 at 14. Thus, Salim's argument that the Arbitrator "simply affirmed" Safesport without considering the evidence is unsupported by the record. There is also no support for the argument that the Arbitrator imposed a disproportionate sanction. The record uniformly shows that the Arbitrator made an informed, reasoned decision. Therefore, Salim's motion to remand the Arbitrator's Decision to re-examine the proportionality of the sanction imposed is denied.

### C.     This Action Is Dismissed

Based on the analysis above, Salim fails to make any showing that the arbitral award should be vacated based on public policy considerations or remanded due to inadequate consideration of the relevant factors and evidence in arbitration. Salim's Petition seeks vacatur or remand of the arbitration Decision on these rejected theories alone. Petition, Docket No. 1 ¶¶ 15–18. Therefore, there is nothing more for the Court to adjudicate, and this action is dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court **denies** the motion and **dismisses** this action in its entirety.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-00126 JVS (DFMx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Joseph Salim v. U.S. Center for Safesport | | |

: 15

Initials of Preparer    rrp